Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| GEORGINA ALMENAS DIAZ **Demandante-Recurrida** V. EGIDA-HOGAR LAS COLINAS **Demandada** | TA2025CE00725 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de CAROLINA Civil. Núm. F PE2014-0519 Sobre: DISCRIMEN |
|---|---|---|

Panel integrado por su presidente, el Juez Hernández Sánchez, la Juez Álvarez Esnard y la Juez Santiago Calderón.

**Hernández Sánchez, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 27 de marzo de 2026.

El 14 de octubre de 2025, el Sr. José Manuel Serrano Viera (señor Serrano o el peticionario) compareció ante nos mediante *Apelación*[1] y solicitó la revisión de una *Orden* que se emitió y notificó el 11 de septiembre de 2025 por el Tribunal de Primera Instancia, Sala Superior de Carolina (TPI). Mediante el aludido dictamen, el TPI declaró No Ha Lugar la *Solicitud De Relevo De Venta Judicial Por Nulidad* […] que presentó el señor Serrano.

Por los fundamentos que expondremos a continuación, **denegamos** el recurso de epígrafe.

I.

El 21 de octubre de 2014, la Sra. Georgina Almenas Díaz (señora Almenas o la recurrida) presentó una reclamación laboral contra la Égida Hogar Las Colinas (Égida).[2] Atendida la controversia,

---

[1] La Secretaría de este Tribunal realizó un cambio de materia en el presente recurso de una apelación a un *certiorari*, por ser este último el mecanismo procesal adecuado para revisar la determinación recurrida.

[2] Los hechos procesales aquí expuestos fueron redactados y detallados conforme a los documentos que obran en los autos originales del caso, los cuales fueron recibidos en calidad de préstamo del TPI, así como a la *Sentencia* emitida el 22 de junio de 2023 por nuestro panel hermano en el caso núm. KLAN202300180.

el 11 de abril de 2016, el TPI emitió una *Sentencia* declarando Ha Lugar la demanda y, en consecuencia, le ordenó a la Égida a sufragar las sumas reclamadas por la recurrida.

Luego de culminado un extenso trámite ante el TPI y ante el incumplimiento en el pago de la *Sentencia* dictada a su favor, el 27 de agosto de 2021 la señora Almenas presentó una moción solicitando que se procediera con la venta judicial de la finca objeto de la controversia, con el propósito de satisfacer el crédito reconocido en la sentencia. En atención a dicha solicitud, el 21 de diciembre de 2021 se llevó a cabo la subasta pública, en la cual la propiedad fue adjudicada a la recurrida.

Posteriormente, **el 12 de enero de 2022, el señor Serrano compareció mediante una moción urgente para impugnar los procedimientos de subasta y solicitó su paralización, alegando que no fue debidamente notificado y que ello constituyó una violación a su derecho al debido proceso de ley.** La recurrida replicó al día siguiente sosteniendo que no tenía la obligación de notificarle personalmente, ya que el peticionario no había acreditado ser titular del inmueble y había comparecido previamente únicamente en representación de distintas entidades jurídicas. En respuesta, el señor Serrano presentó una moción acompañada de una escritura con la que intentó demostrar su titularidad, tras lo cual el TPI le concedió un término de diez (10) días para presentar copia de las escrituras junto con evidencia de su inscripción registral.

Más adelante, la recurrida reiteró que el peticionario no había inscrito su título en el Registro de la Propiedad y, por tanto, insistió en que no procedía notificarle los escritos. Asimismo, solicitó la confirmación de la subasta debido al incumplimiento del término concedido por el tribunal. En consecuencia, el 28 de febrero de

2022, el TPI emitió una *Orden* que se notificó el 3 de marzo de 2022, disponiendo la continuación de los procedimientos de subasta.

Tras la confirmación de la venta judicial de la propiedad objeto del pleito por parte del TPI, **el 1 de diciembre de 2022, el señor Serrano presentó** *Moción al Amparo de la Regla 49.2 de Procedimiento Civil,* **en la que solicitó que se dejara sin efecto la subasta puesto que no le habían sido notificadas las determinaciones del tribunal, siendo este una parte indispensable del pleito.** Atendida la moción, el 25 de enero de 2023, el TPI emitió una *Orden* declarando No Ha Lugar la solicitud presentada por el peticionario. Ante ello, el 6 de marzo de 2023, el peticionario acudió ante esta Curia en el caso núm. KLAN202300180 y formuló los siguientes señalamientos de error:

> Erró el Tribunal de Primera Instancia al privar al compareciente de su propiedad sin el debido proceso de ley al sostener la venta judicial a pesar de que el compareciente-dueño del inmueble no fue notificado de la orden de venta judicial y la subasta.
>
> Erró el Tribunal de Primera Instancia al no dejar sin efecto la venta judicial por falta de notificación al verdadero dueño de la propiedad.
>
> Erró el Tribunal de Primera Instancia al no determinar que el compareciente-dueño de la propiedad es parte indispensable y no podía adjudicarse la subasta y la venta judicial sin haberle notificado la orden de venta judicial y subasta.
>
> Erró el Tribunal de Primera Instancia al acoger el planteamiento de la parte demandante en torno a que no tenía conocimiento de la compraventa ya que del Registro no surgía la presentación y/o inscripción de la escritura de compraventa.
>
> Erró el Tribunal de Primera Instancia al no dejar sin efecto la venta judicial ante el incumplimiento de la parte demandante con el acuerdo suscrito con el compareciente y su obligación de solicitar el relevo del acuerdo bajo la Regla 49.2 de Procedimiento Civil conforme pactado.

Evaluado el recurso, el 22 de junio de 2023, un panel hermano denegó el recurso por considerar que el TPI emitió una determinación discrecional y en ausencia de abuso de discreción,

por lo que no intervino con sus determinaciones. Además, determinó que el peticionario no había demostrado que el TPI se excedió en el ejercicio de su discreción, ni que erró en la interpretación del derecho.

Aproximadamente dos (2) años después, el señor Serrano presentó una *Solicitud de Relevo de Venta Judicial por Nulidad* [...]. En síntesis, reiteró los mismos planteamientos previamente esgrimidos respecto a la alegada violación a su derecho al debido proceso de ley. A base de ello, sostuvo que el TPI no solo debía considerar, sino decretar la nulidad del proceso de venta judicial, al entender que la jurisprudencia aplicable así lo imponía. Asimismo, solicitó que, como medida cautelar, se ordenara la paralización del lanzamiento señalado para el 12 de septiembre de 2025, por entender que dicho procedimiento constituía una consecuencia directa de una venta judicial que, según insistió era nula.

Finalmente, volvió a plantear que, ante el alegado menoscabo de su derecho constitucional a la propiedad sin el debido proceso de ley, el TPI debía al menos evaluar nuevamente los hechos y el derecho aplicable y, de persistir alguna duda, ordenar la celebración de una vista argumentativa y evidenciaria para determinar si en efecto se violentó su debido proceso y, en consecuencia, la validez de la venta judicial.

Evaluada la solicitud, el 11 de septiembre de 2025, el TPI emitió y notificó una *Orden* declarándola No Ha Lugar. Inconforme, el 14 de octubre de 2025, el señor Serrano presentó el recurso de epígrafe reiterando esencialmente los mismos planteamientos que ya había traído ante el TPI y ante este foro. Particularmente, formuló los siguientes señalamientos de error:

**ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL PRIVAR AL APELANTE DE SU PROPIEDAD SIN EL DEBIDO PROCESO DE LEY AL SOSTENER LA VENTA JUDICIAL A PESAR DE QUE EL APELANTE DUENO**

**DEL INMUEBLE NO FUE NOTIFICADO DE LA ORDEN DE VENTA JUDICIAL Y LA SUBASTA.**

**ERRO EL TRIBUNAL DE PRIMERA INSTANCIA AL NO DEJAR SIN EFECTO LA VENTA JUDICIAL POR FALTA DE NOTIFICACION AL VERDADERO DUEÑO DE LA PROPIEDAD.**

**ERRO EL TRIBUNAL DE PRIMERA INSTANCIA AL ABUSAR DE SU DISCRECIÓN Y ERRAR EN LA APRECIACIÓN DE LA PRUEBA PRESENTADA AL IGNORAR LA DECLARACIÓN JURADA SUSCRITA POR EL LCDO. CARLOS PIOVANETTI DECLARANDO HABER INFORMADO A LA REPRESENTACIÓN LEGAL DE LA DEMANDANTE APELADA SOBRE LA ADQUISICIÓN DE LA PROPIEDAD POR EL SR. SERRANO VIERA.**

Cabe precisar que, el 17 de octubre de 2025 la señora Almenas presentó una solicitud de desestimación, la cual fue denegada mediante una *Resolución* que emitimos el 30 de octubre de 2025. Inconforme con dicha determinación, la recurrida acudió ante el Tribunal Supremo mediante recurso de *certiorari*, el cual fue igualmente denegado. Posteriormente, advinimos en conocimiento del mandato del Tribunal Supremo el 13 de marzo de 2026 y, en consecuencia, el 16 de marzo de 2026 emitimos una *Resolución* concediéndole a la señora Almenas hasta el 24 de marzo de 2026 para que presentara su posición respecto al recurso. Oportunamente, la recurrida presentó su *Alegato en Oposición a Expedición de Certiorari* y negó que el TPI cometiera los errores que el peticionario le imputó. Con el beneficio de la comparecencia de ambas partes, procedemos a atender el asunto ante nos. *Veamos.*

II.

El *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023). Los tribunales apelativos tenemos la facultad para expedir un *certiorari* de manera discrecional. Íd., pág. 847. Esta discreción se define como "el poder para decidir en una u otra forma, esto es, para escoger entre uno o

varios cursos de acción". *García v. Padró*, 165 DPR 324, 334 (2005). Asimismo, discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justa. Íd., pág. 335. Ahora bien, la aludida discreción que tiene este foro apelativo para atender un *certiorari* no es absoluta. Íd. Esto, ya que no tenemos autoridad para actuar de una forma u otra, con abstracción total al resto del derecho, pues ello constituiría abuso de discreción. Íd. Así, "el adecuado ejercicio de la discreción judicial está inexorable e indefectiblemente atado al concepto de la razonabilidad". Íd.

Es importante destacar que, al interpretar la Regla 52.1 de Procedimiento Civil, *supra*, el Tribunal Supremo resolvió que "las resoluciones atinentes a asuntos postsentencia [como la que tenemos ante nuestra consideración] no se encuentran comprendidas entre aquellas determinaciones de naturaleza interlocutoria categóricamente sujetas a escrutinio mediante el recurso de *certiorari*. De otra parte, por emitirse este tipo de decisión luego de dictada la sentencia, usualmente tampoco cualifica para el recurso de apelación provisto para dictámenes judiciales finales. Se corre el riesgo, por lo tanto, de que fallos erróneos nunca se vean sujetos a examen judicial simplemente porque ocurren en una etapa tardía en el proceso." *IG Builders et. al. v. BBVAPR*, 185 DPR 307, 339 (2012). Establecido lo anterior, al determinar si procede expedir o denegar un recurso de *certiorari* en el cual se recurre de un asunto postsentencia, debemos evaluar únicamente los criterios enmarcados en la Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B. Íd. La aludida regla establece lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Ninguno de estos criterios es determinante por sí solo para el ejercicio de jurisdicción y tampoco constituyen una lista exhaustiva. *García v. Padró, supra.* La norma vigente es que los tribunales apelativos podremos intervenir con las determinaciones discrecionales del Tribunal de Primera Instancia cuando éste haya incurrido en arbitrariedad, craso abuso de discreción o en un error en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Pueblo v. Rivera Santiago,* 176 DPR 559, 581 (2009).

III.

Nos corresponde justipreciar si debemos ejercer nuestra facultad discrecional al amparo de los criterios enmarcados en la Regla 40 del Tribunal de Apelaciones, *supra.* Luego de examinar el expediente a la luz de los criterios de la Regla 40 del Tribunal de Apelaciones, *supra,* no identificamos razón por la cual este Foro deba intervenir. Ello, ya que no se presentan ninguna de las situaciones que allí se contemplan. Recordemos que nuestro ordenamiento jurídico nos brinda la discreción de intervenir en aquellos dictámenes interlocutorios o postsentencia en los que el TPI

haya sido arbitrario, cometido un craso abuso de discreción o cuando, de la actuación del foro, surja un error en la interpretación o la aplicación de cualquier norma procesal o de derecho sustantivo. Reiteramos que en el recurso que aquí atendemos no se nos ha demostrado que haya alguno de estos escenarios.

IV.

Por los fundamentos antes expuestos, ***denegamos*** el recurso de epígrafe.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones